Graham D. McVICKER and Mary McVicker, Plaintiffs,

v.

UNITED STATES of America, Defendant.

No. 2465.

United States District Court
S. D. California, S. D.

June 2, 1961.

Curran, Golden, McDevitt & Martin, San Diego, Cal., for plaintiffs.

Lillian W. Stanley, Asst. U. S. Atty., Los Angeles, Cal., for the United States.

WEINBERGER, District Judge.

The plaintiffs, Graham D. McVicker and Mary McVicker, husband and wife, seek a refund of federal income taxes for the calendar year 1957. The case was tried on a stipulated statement of fact, plus the testimony of two witnesses, plaintiff Mary McVicker and Dr. Rudolph H. Sundberg.

Counsel for the parties have agreed that the issue of law to be decided by this Court is as follows:

"Whether the payments of $1,870.00 to Margaret Bjornlund in 1957 for personal services rendered to the plaintiffs, plus Social Security taxes paid thereon were personal expenses which cannot be deducted or were they deductible medical expenses?"

It appears that for some years prior to the year involved herein, Mrs. McVicker had been suffering from tuberculosis; while the disease had been arrested, she still required medical attention; that in 1954, Mrs. McVicker asked the advice of her physician, Dr. Sundberg, about adopting a child. He told her she might do so, provided she had help. Mrs. McVicker was able to do some of the household tasks, but after the child was adopted, and in 1956, Dr. Sundberg prescribed domestic help, and told Mrs. McVicker to keep her activity at a very low level, or she would suffer a relapse. The domestic servant, Mrs. Bjornlund, performed the following duties, during 1957: she worked from 10:00 a. m. to 5:00 p. m., and did the house cleaning, made the beds, washed and ironed and cared for the plaintiffs' baby. She did no cooking; she rendered no nursing services to Mrs. McVicker.

Plaintiffs have cited the case of Hollander v. Commissioner of Internal Revenue, 3 Cir., 219 F.2d 934 as controlling. In the Hollander case, a doctor prescribed a "complete slowdown" program for the

patient, and an inclinator or stair-seat elevator was purchased in order to transport the taxpayer up and down stairs. The cost of the inclinator was allowed as a medical expense.

In a case cited by the Government, Ochs v. Commissioner, 2 Cir., 195 F.2d 692, 37 A.L.R.2d 545, the wife was, as a result of an operation, rendered unable to speak above a whisper. Efforts to speak became extremely painful and rendered her highly nervous. It was thought that the irritation and nervousness caused by attempting to speak to the children in caring for them might cause a relapse, and a physician advised that this might occur if the children were not separated from the mother. The husband sent the children to a boarding school, and attempted to deduct this cost as medical expenses. In rendering his opinion in the case, Judge Augustus Hand observed, at page 694:

"In our opinion the expenses incurred by the taxpayer were non-deductible family expenses within the meaning of Section 24(a) (1) of the Code rather than medical expenses. Concededly the line between the two is a difficult one to draw, but this only reflects the fact that expenditures made on behalf of some members of a family unit frequently benefit others in the family as well. The wife in this case had in the past contributed the services—caring for the children—for which the husband was required to pay because, owing to her illness, she could no longer care for them. If, for example, the husband had employed a governess for the children, or a cook, the wages he would have paid would not be deductible. Or, if the wife had died, and the children were sent to a boarding school, there would certainly be no basis for contending that such expenses were deductible. The examples given serve to illustrate that the expenses here were made necessary by the loss of the wife's services, and that the only reason for allowing them as a deduction is that the wife also received a benefit. We think it unlikely that Congress intended to transform family expenses into medical expenses for this reason."

We believe that the facts of the case just discussed are more nearly in line with the facts presented here. We agree with the Government that allowance, as medical expenses of payment for the services of a domestic servant might lead to a wide field of deductions; as mentioned by Government counsel, if plaintiffs had a twenty room house, they might require four domestic servants to keep up the home. It is our view that the amounts sought to be deducted constituted an expense of maintaining a household, and were not expenses for the diagnosis, cure, mitigation, treatment or prevention of a disease. Judgment should be rendered for the Government.