Jackson K. Duckworth and Lola Duckworth v. Commissioner.
Duckworth v. Commissioner
Docket No. 89089.
United States Tax Court
T.C. Memo 1962-145; 1962 Tax Ct. Memo LEXIS 165; 21 T.C.M. (CCH) 756; T.C.M. (RIA) 62145; June 15, 1962
*165 Held: 1. Under the facts of this case the Commissioner is sustained in adding to petitioner's gross income the amount for which he was reimbursed as an outside salesman by his employer where it clearly appears that some of the items for which he was reimbursed did not represent deductible business expenses. The computation of allowable business expenses appears to have included all the amounts which represented deductible business expenses. 2. (a) Part of the expenses for miscellaneous drugs and medicines disallowed by the Commissioner should be allowed as deductions for medical expenses; (b) part of the medical expenses disallowed by the Commissioner for transportation to a doctor's office was erroneously disallowed; and (c) the amount of $260 paid for the services of a domestic servant who came once a week to help out Lola who was ill from undulant fever was not allowable as a deduction for medical expenses where such domestic servant performed no nursing duties. 3. No part of the deficiency is due to negligence or intentional disregard of rules and regulations. Jackson K. Duckworth, pro se, 3920 Woodland, Fort Worth, Tex. Sidney B. Williams, Esq., for the respondent. *166 BLACK Memorandum Findings of Fact and Opinion The Commissioner has determined a deficiency in petitioners' income tax for the year 1958 of $452.31. He has also determined an addition to the tax of $22.62 for negligence. The deficiency was determined as follows: Taxable income reported on return $2,547.00 Additional income and unallowable deductions: (a) Expense allowance
$1,679.77
(b) Medical and dental
expense
794.51
(c) Taxes
74.00
2,568.28 *
Total
$5,115.28
Nontaxable income and additional
deductions: (d) Business expense
362.07
Taxable income determined
$4,753.21 Adjustments (a), (b), (c), and (d) are explained in the deficiency notice as follows: (a) You claimed business expenses in the amount of $2,704.00 in computing adjusted gross income and failed to include expense allowance of $1,679.79 from Houston Credit Sales Company in income. Your income is increased by this amount. (b) It is determined that your allowable deduction for medical and dental expense is $1,017.49 instead of $1,812.00 as claimed. The difference of $794.51 is disallowed. Computation follows: Cost of medicines and drugs
$ 878.30
Less: 1% of corrected adjusted gross
income; see below
72.79
Balance
$ 805.51
Doctors, hospitals and hos-
pitalization insurance
$400.34
Transportation for medical
care
30.00
$ 430.34
Total
$1,235.85
Less: 3% of corrected adjusted gross
income; see below
218.36
Allowable deduction for medical and
dental expense
$1,017.49
Deduction claimed on return
1,812.00
Disallowed
$ 794.51
*167 [Here followed the Commissioner's computation of corrected adjusted gross income which shows $7,278.70 as petitioners' corrected adjusted gross income.] (c) It is held that taxes paid by the consumer on cigarettes and cosmetics are not deductible in computing taxable income. The claimed deduction is disallowed. (d) You are allowed an additional amount of $362.07 for business expenses. Computation follows: Automobile depreciation as cor-
rected
$ 360.50
Service stations
980.23
Auto license
13.46
Automobile insurance
123.00
Parking
52.00
Repairs and tires
778.75
Interest (6% of $1,268.00)
76.08
$2,384.02
Telephone
$124.53
Other miscellaneous &
freight
36.67
Entertainment
208.00
Storage and office
300.00
Meals and lodging
22.85
682.05 *
Allowable business expense
$3,066.07
Business expense claimed on return
2,704.00
Additional amount allowed
$ 362.07
*168 Footnotes
*. The correct amount is $2,548.28↩
*. The correct amount is $692.05 Computation of depreciation on 1956 Hudson Cost basis of car, 6-27-57
$1,995.00
Less: Salvage value
$600.00
Depreciation claimed in
1957
493.50
1,093.50
Remaining basis as of January 1,
1958
$ 901.50
Remaining life from January 1,
1958
2 1/2 years
Allowable depreciation expense
$ 360.50
The assignments of error in the petition are as follows: a. The Commissioner erred in increasing income in the amount of $1,679.77. b. The Commissioner erred in reducing medical and dental expenses in the amount of $794.51. c. The Commissioner erred in asserting a negligence penalty in the amount of $22.62. Findings of Fact Petitioners Jackson K. Duckworth and Lola Duckworth, husband and wife residing in Fort Worth, Texas, timely filed with the district director of internal revenue, Dallas, Texas, a joint income tax return for the taxable year 1958. On this joint tax return petitioners reported $8,665 as gross income and deducted $2,704 as business expenses of outside salesman. Petitioners reported their adjusted gross income for that year as being $5,961. The gross income of $8,665 which petitioners reported on their joint return did not include $1,679.77 which Jackson received from Houston Credit Sales Co. of Houston, Texas. Any meal expense for which the petitioners were reimbursed by Houston Credit Sales Co. were incurred during years when Jackson was not away from Fort Worth overnight. Upon audit of petitioners' 1958 joint income tax return respondent increased petitioners' gross income by adding $1,679.77 which had been reimbursed by Houston Credit Sales Co. with the explanation shown in our preliminary statement. Upon audit of the 1958 income tax return respondent disallowed, among other things, what he determined to be the unsubstantiated portion of drug and medicine expenses amounting to $208, disallowed $178 of medical transportation expenses, and disallowed the deduction $260of for wages paid a domestic servant. Respondent explained his computation of the medical expense in the deficiency notice as set out in our preliminary statement. Opinion BLACK, Judge: The issue presented to us in this proceeding as stated by respondent in his brief and which we think are correct statements of the issues raised by the pleadings and the evidence are: 1. Is the $1,679.77 paid to Jackson as reimbursed expenses by his employer gross income to the petitioners? 2. Are the petitioners entitled to deduct cost of drugs, expenses of transporting Lola to and from her doctor, and the cost of having a domestic servant work in their home one day a week as alleged in the petition in excess of the expenses allowed by the respondent? 3. Did the respondent correctly assert the negligence penalty against the petitioners? Issue 1. We think the Commissioner must be sustained in this adjustment. It is, we think, in accordance with the law and the regulations. Petitioners claimed deductible business expenses on their return of $2,704. The Commissioner in his determination of the deficiency has allowed petitioners an additional amount of business expense deduction of $362.07. All of this is shown and explained in the deficiency notice. We have given the explanation of how this additional business deduction was arrived at in our preliminary statement and it need not be repeated here. We sustain the Commissioner as to Issue 1. Issue 2 There are three items involved in this issue: (1) The Commissioner has disallowed a part of the cost of medicines and drugs claimed on petitioners' joint return. The amount of this disallowance was $208. (2) The Commissioner has disallowed in part the amount claimed by petitioners as the cost of transporting Lola to her doctor. The amount of this disallowance was $178. (3) The Commissioner has disallowed the cost of a domestic servant who came once a week and rendered services to petitioners' household. The amount of this disallowance was $260. The evidence was to the effect that Lola is suffering from undulant fever and that such ailment is recognized as an incurable disease. As we have already stated, the part of the cost of medicines, drugs, and lotions which the Commissioner has disallowed in his determination of the deficiency was $208. Jackson testified at the hearing and explained that this $208 included his best estimate and recollection of what he spent for miscellaneous items for Lola such as aspirin, salves, lotions for her dry skin, etc. He testified that he was unable to substantiate the amount spent for these medicines and drugs in the same manner that he was able to substantiate the amounts spent for prescription drugs by detailed paid bills. We are certainly convinced that petitioners did purchase a certain amount of what might be termed nonprescription drugs at various places and applying the rule laid down in Cohan v. Commissioner, 39 F. 2d 540, we find that petitioners should be allowed a deduction of $100 for these miscellaneous drugs and medicines instead of the $208 which they claimed on their return. The respondent does not claim that the amounts spent for these medicines, drugs, and lotions would not be deductible in the manner prescribed by law, but says that the amounts have not been substantiated. Petitioners also deducted $208 for transportation to the doctor's office of Lola and the respondent in his determination of the deficiency has allowed only $30 for this purpose. It, of course, goes without saying that reasonable cost of transportation to the doctor's office is a medical expense. The Commissioner does not dispute that fact and in his determination of the deficiency he has allowed petitioners a deduction of $30 for that purpose in the year 1958. Petitioners claimed on their return $208 for that purpose. This figure of $208 was arrived at by estimating that Lola visited the doctor's office once a week and that the transportation cost was $4 per week. We are not convinced that petitioners spent $208 for transporting Lola to the doctor's office during the taxable year. We think that, again applying the Cohan rule, a deduction for this purpose of $104 for the year should be allowed instead of the $30 allowed by the Commissioner in his determination of the deficiency. Petitioners also claimed on their return as a deduction $260, the cost of a domestic servant who came once a week to help Lola with the housework. The evidence was that Lola's physical condition was such that her doctor advised that this domestic servant should come once a week. The servant was paid $5 each day she came and Jackson testified that she came once a week and that $260 for the year was paid. There is no claim or evidence that this domestic servant performed nursing services. While we have no doubt that Lola needed some help in her housework on account of the poor state of her health, we do not think that this $260 is deductible as a medical expense. It was a personal expense. In "Your Federal Income Tax," 1962 Edition, published by the U.S. Treasury Department, Internal Revenue Service, Publication No. 17, it is said at p. 115: DOMESTIC HELP. You may not claim as medical expenses amounts paid for domestic help, even though you obtained the help on the recommendation of a doctor because of your physical inability to perform household duties. Rev. Rul. 58-339, 1958-2 C.B. 106. See McVicker v. United States (S.D. Cal. 1961), 194 F. Supp. 607. Issue 3 Respondent in his determination of the deficiency has added $22.62 as an addition to tax for negligence. In his deficiency notice he says: The underpayment of tax for the year 1958 is due to negligence and a penalty of 5 percent is asserted under the provisions of section 6653(a) of the Internal Revenue Code of 1954. Section 6653(a) of the 1954 Code reads as follows: SEC. 6653. FAILURE TO PAY TAX. (a) Negligence or Intentional Disregard of Rules and Regulations With Respect to Income or Gift Taxes. - If any part of any underpayment * * * is due to negligence or intentional disregard of rules and regulations (but without intent to defraud), there shall be added to the tax an amount equal to 5 percent of the underpayment. It is manifest that, under our holding on Issue 2 herein involved that we have already ruled upon, there will be some deficiency in tax. It will not be as much as the Commissioner has determined. Considering all the evidence in the case we are convinced that it was not due to negligence or intentional disregard of rules and regulations. We hold in favor of petitioners on Issue 3. Decision will be entered under Rule 50. ↩